**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME NAPOLEON GIRON-RAMIREZ, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | Nos. 09-72637 09-73486 Agency No. A095-761-206 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011**

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

In these consolidated petitions for review, Jaime Napoleon Giron-Ramirez, a

native and citizen of El Salvador, petitions pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"), and of the BIA's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

In his opening brief, Giron-Ramirez fails to challenge the agency's dispositive determination that his asylum claim is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not addressed in the argument portion of a brief are deemed waived).

We reject Giron-Ramirez's claim that he is eligible for withholding of removal based on his membership in a particular social group. *See Sanchez-Trujillo v. INS*, 801 F.2d 1571, 1576-77 (9th Cir. 1986); *see also Velasco-Cervantes v. Holder*, 593 F.3d 975, 978-79 (9th Cir. 2010) (concluding that material witnesses for the government do not constitute a particular social group); *Soriano v. Holder*, 569 F.3d 1162, 1166 (9th Cir. 2009) (concluding that a

government informant is not a member of a particular social group). Accordingly, because Giron-Ramirez failed to demonstrate that he was persecuted on account of a protected ground, we deny the petition as to his withholding of removal claim. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").

Substantial evidence supports the agency's finding that Giron-Ramirez failed to demonstrate it is more likely than not he would be tortured by or at the instigation of or with the consent or acquiescence of a public official if returned to El Salvador, and therefore we deny the petition as to Giron-Ramirez's CAT claim. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

The BIA did not abuse its discretion in denying Giron-Ramirez's motion to reopen because the BIA considered the evidence submitted and acted within its broad discretion in determining Giron-Ramirez did not show prima facie eligibility for the relief sought. *See Najmabadi*, 597 F.3d at 986 (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought).

Finally, the agency did not abuse its discretion in denying Giron-Ramirez's second request for an extension of time to file his brief on appeal. *See* 8 C.F.R. § 1003.3(c)(1) (BIA has discretion to extend time period for filing brief on appeal).

**PETITIONS FOR REVIEW DENIED.**